OPINION
Defendant-appellant, Jimmie Thompson, appeals the judgment of the Franklin County Court of Common Pleas convicting him of three counts of robbery. On November 2, 1998, the Franklin County Grand Jury indicted appellant in case number 00AP-609 on one count of robbery in violation of R.C. 2911.02.
On December 14, 1998, appellant's trial counsel moved for an examination of appellant's competency to stand trial. The trial court appointed Netcare Forensic Psychiatry Center ("Netcare") to examine appellant's competency and, ultimately, Netcare determined that he was not competent to stand trial. Thereafter, on March 5, 1999, the trial court ordered appellant to "undergo treatment to restore competency" at Twin Valley Psychiatric Hospital ("Twin Valley"). Appellant completed treatment and Twin Valley informed the trial court that appellant's competency had been restored. Afterwards, on June 16, 1999, the Franklin County Grand Jury indicted appellant in case number 00AP-608 on four counts of robbery in violation of R.C. 2911.02.
On October 18, 1999, appellant pleaded guilty to the one count of robbery in case number 00AP-609 and to two of the robbery counts in case number 00AP-608. The trial court accepted appellant's guilty pleas and sentenced him accordingly. As well, the trial court dismissed the remaining robbery counts.
Appellant appeals, raising four assignments of error:
 I. The trial court erred by finding the defendant competent to stand trial in violation of the Due Process Clause.
 II. R.C. 2945.37(A) is unconstitutional, both on its face and as applied to the defendant.
 III. The trial court erred by accepting the defendant's guilty plea when the plea was not a knowing, voluntary and intelligent guilty plea.
 IV. The defendant's Sixth Amendment right to the effective assistance of counsel was denied because the defendant's attorneys did not adequately safeguard his right to his competency determined.
In his first assignment of error, appellant contends that the trial court committed reversible error by not holding a competency hearing before accepting his guilty pleas. We disagree.
The trial court is required to hold a competency hearing when the issue of the defendant's competency is raised prior to trial. State v. Bock (1986), 28 Ohio St.3d 108, 109. The competency hearing requirement exists even though the defendant may eventually plead guilty instead of going to trial. See State v. Hall (Feb. 25, 2000), Jackson App. No. 99CA847, unreported. Thus, in this case, the trial court was required to hold a competency hearing after it received Twin Valley's determinations. R.C. 2945.38(H). However, the record provides no indication that such a hearing was conducted. Nonetheless, according to the Ohio Supreme Court, "the failure to hold a mandatory competency hearing is harmless error when the record fails to reveal sufficient indicia of incompetency." Bock, at 110; State v. Eley (1996),77 Ohio St.3d 174, 183-184.
In this case, we recognize that there were some discussions at the plea and sentencing hearings about appellant having a mental disability; however, a mental disability does not equate with incompetency. Bock, at 110. Rather, incompetency is defined as either the defendant's inability to understand the nature and objective of the proceedings against him or her, or the defendant's inability to assist in his or her defense. R.C.2945.37(G). Thus, as noted by the Ohio Supreme Court, a person may have a mental disability and still be capable of understanding the proceedings against him or her and may still be able to assist in his or her defense. Bock, at 110.
Here, the record reflects that appellant participated in and understood the nature of the plea and sentencing hearings. At the hearings, appellant engaged in reasoned discussions with the trial court and expressed no confusion or uncertainty. In addition, one of appellant's trial attorneys described him as being an "intelligent, articulate person."
Moreover, we note that Twin Valley informed the trial court that appellant's competency had been restored and that the record demonstrates, by implication, Netcare's agreement with Twin Valley's competency determination. After Twin Valley issued its report, Netcare evaluated appellant's mental condition as it existed when he committed the above offenses. Netcare had earlier indicated that such an evaluation could not be conducted during any existing period of incompetency. Therefore, we conclude that the record lacks a sufficient indicia of appellant's incompetency. Accordingly, the trial court's failure to hold the required competency hearing is harmless error. As such, we overrule appellant's first assignment of error.
Appellant's second assignment of error concerns R.C. 2945.37(G), which states:
 A defendant is presumed to be competent to stand trial. If, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial * * *.
Appellant argues that R.C. 2945.37 is unconstitutional because it requires incompetency to be proven. We disagree.
The United States Supreme Court has upheld the constitutionality of state statutes presuming defendants to be competent and requiring incompetency to be demonstrated through a preponderance of the evidence. See Medina v. California (1992), 505 U.S. 437, 451-453; cf. Cooper v. Oklahoma (1996), 517 U.S. 348 (finding unconstitutional a statute requiring proof of incompetency by clear and convincing evidence).
Accordingly, we find nothing unconstitutional about R.C. 2945.37
requiring incompetency to be proven. As such, we overrule appellant's second assignment of error.
In his third assignment of error, appellant contends that the trial court erred in accepting his guilty pleas because the pleas were not entered knowingly, voluntarily and intelligently. We disagree.
According to the Ohio Supreme Court, "a defendant who challenges his [or her] guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect." State v. Nero (1990), 56 Ohio St.3d 106, 108. "The test is whether the plea would have otherwise been made." Id. In examining appellant's pleas, we must also consider whether the trial court complied with Crim.R. 11(C) before accepting the pleas. State v. Kelly (1991),57 Ohio St.3d 127, 128. Crim.R. 11(C) outlines the procedure that a trial court must follow when accepting guilty pleas and is designed to ensure that a defendant's waiver of constitutional rights as a result of a guilty plea is knowing, voluntary and intelligent. State v. Wipperman (Apr. 13, 1994), Montgomery App. No. 13922, unreported.
Here, appellant asserts that he was unable to enter the guilty pleas because he was not competent at the time of the plea hearing; however, as noted above, the record fails to demonstrate appellant's incompetency. Furthermore, the record fails to establish that "the plea would have otherwise been made." The trial court complied with the mandates of Crim.R. 11 and, thus, properly informed appellant of the consequences of his plea. Moreover, as noted above, appellant expressed no confusion or uncertainty during the plea hearing; rather, appellant provided clear, unequivocal responses to the trial court's questions, including those addressing particular rights appellant waived by entering the guilty pleas.
Accordingly, the record establishes that appellant knowingly, voluntarily and intelligently entered his guilty pleas. As such, we overrule appellant's third assignment of error.
In his fourth assignment of error, appellant asserts that he received ineffective assistance of counsel. We disagree.
The United States Supreme Court set forth the test for determining whether a defendant received ineffective assistance of counsel in Strickland v. Washington (1984), 466 U.S. 668. First, the defendant must show that, in light of all the circumstances, counsel's performance was outside the range of professionally competent assistance and, thus, was deficient. Id. at 687. Second, the defendant must show that he or she was prejudiced by such deficient performance. Id. A defendant was prejudiced by his or her trial counsel's performance if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." Id.
In this case, appellant contends that he received ineffective assistance of counsel because his trial attorneys did not adequately safeguard his right to have his competency determined; however, as noted above, the record fails to demonstrate appellant's incompetency. Thus, the record does not support appellant's contention that appellant received ineffective assistance of counsel through decisions his trial attorneys made regarding the determination of his competency. As such, we overrule appellant's fourth assignment of error.
In summary, appellant's four assignments of error are overruled, and the judgment of the trial court is affirmed.
 __________________ KENNEDY, J.
PETREE and BOWMAN, JJ., concur.